People v Diaz (2025 NY Slip Op 00330)

People v Diaz

2025 NY Slip Op 00330

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-05775
 (Ind. No. 71046/23)

[*1]The People of the State of New York, respondent,
v
Michael Diaz, appellant.

Patricia Pazner, New York, NY (Alexa Askari of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel; Anmari Guerrero on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Toni M. Cimino, J.), imposed June 2, 2023, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid because the Supreme Court's oral colloquy mischaracterized the appellate rights waived as encompassing the loss of attendant rights to counsel and poor person relief (see People v Lawrence, 227 AD3d 829; People v Erdaide, 216 AD3d 1178). Moreover, the court did not discuss the appeal waiver with the defendant until after he had already admitted his guilt as part of the plea agreement (see People v Lawrence, 227 AD3d 829). Under the circumstances of this case, the defendant's execution of a written waiver of the right to appeal did not cure the deficient oral colloquy (see id.). Accordingly, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim.
Nonetheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., MILLER, FORD, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court